clause. We find no difficulty arising from the generally accepted canons of construction in so construing the statute. A contrary reading would lead to absurd and impossible results. It would, as has been shown, render the enactment unconstitutional. It would apparently leave the justices of the Court of Special Sessions irremovable because section 11 of article 6 provides only for the removal of judicial officers of courts not of record, and the Legislature under the Constitution cannot by mere declaration make a court of record out of a court not of record, nor is there reason to suppose that the Legislature intended to give immunity to these particular justices from removal for just cause. All statutes must be so construed as to give effect to the evident intention of the Legislature, and to prevent inconsistency, unreasonableness, or unconstitutionality it is permissible to ignore the mere letter of the statute, and even to disregard or to supply words obviously inserted or omitted by mistake. Gusthal v. Strong, 23 App. Div. 315, 48 N. Y. Supp. 652; Wood v. Lacombe, 99 N. Y. 48, 1 N. E. 599; People ex rel. Mason v. McClave, 99 N. Y. 83, 1 N. E. 235.

An enactment creating a court of record for a particular purpose, as for the purpose of removing its judges, and not of record for every other purpose, would be a manifest absurdity. A court of record under the common law and under the law of this state is a court having certain attributes, and its judgments are by law given certain effect; and the state, having the power to create courts, has to determine whether a court created is a court of record or a court not of record. If a court is created as a court not of record, it then comes within the provisions of the Constitution which authorizes the Legislature to provide for the removal of the judges of such a court. The amendments to the Code of Civil Procedure passed after the chapter amending the Code of Criminal Procedure (chapter 946, p. 796, Laws 1895) expressly declares the Court of Special Sessions to be a court not of record.

The court, therefore, is a court not of record, notwithstanding the prior amendment to the Code of Criminal Procedure; and, being a court not of record, the Legislature had power to provide that its judges should be removed by this court, and, the provisions of the act of 1895 being still in force, it follows that this court has jurisdiction of the proceeding, and the motion must consequently be denied.

---

### In re TAYLOR.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

MANDAMUS—DISCOVERY OF CORPORATE BOOKS.

> Since mandamus to require a corporation to exhibit its books and papers to a stockholder will only lie to protect his stock interest, it would not lie to aid him in a suit against directors of the corporation, caused by their publication of a false report, whereby he was induced to become a stockholder and incurred loss.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 264.]

Appeal from Special Term, Saratoga County.

Application of William C. Taylor for a writ of mandamus against

the Citizens' National Bank of Saratoga. Denied, and applicant appeals. Affirmed.

The following is the opinion of Justice Henry T. Kellogg at Special Term:

This is an application for a writ of mandamus to compel the Citizens' National Bank of Saratoga to exhibit its books and papers to William C. Taylor, a stockholder. A stockholder may for a proper purpose obtain by a mandamus an examination of the corporate books. Matter of Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461. The writ will not be granted for the purpose of enabling a stockholder, by showing financial embarrassment, to force the corporation into the hands of a receiver through action by the Attorney General (Matter of Pierson, 44 App. Div. 215, 60 N. Y. Supp. 671); nor to show an improper loan by its officers, in order to compel the parties to make good in case of a deficit (People v. Produce Exchange Trust Company, 53 App. Div. 93, 65 N. Y. Supp. 926). Before a stockholder may have the writ, he must establish that "it is necessary for him to have the information in order to protect his interest in the corporation." Matter of Latimer, 75 App. Div. 522, 78 N. Y. Supp. 314.

Thus it will be seen that the writ is granted only on behalf of a stockholder, considered as such, and in proper aid of his stock interest only. Wherever information concerning the management, conduct, and control of the corporation is necessary for the protection of such stock interest, its revelation will be compelled; but where the information is sought, not for the benefit of an owner's stock interest, but to assist him in matters personal to himself and wholly apart from such interest, the writ should not be granted. This application seeks information to aid him in a suit in deceit against three directors of a banking corporation, brought to recover damages sustained by reason of a false report published by them, whereby he was induced to become a stockholder and incurred loss. Confessedly this is the purpose of the application. It is, therefore, not as a stockholder, but as a plaintiff in a suit against individuals not affecting the management, conduct, or control of the corporation, that he demands this writ. It should be denied to him.

Motion denied, with costs.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Edgar T. Brackett, for appellant.

Rockwood & Salisbury (Nash Rockwood, of counsel), for respondent.

PER CURIAM. Order affirmed, with costs, on the opinion of Mr. Justice Henry T. Kellogg at Special Term.